## GAYLORD *v.* STATE.

### Opinion delivered June 2, 1913.

1. CRIMINAL LAW—EVIDENCE—CONFESSION.—Where the record shows that a written confession of defendant was, after being identified by the witnesses, introduced in evidence and read to the jury. it is not error to permit witnesses to state what the confession contained. (Page 410.)

2. APPEAL AND ERROR—INSTRUCTIONS—HOMICIDE.—In a trial for murder, where the State did not rely upon evidence of dying declarations of deceased, it is not error for the trial court to refuse to

give an instruction that the dying declarations of deceased should not be considered.   (Page 411.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

*John E. Clerget,* for appellant.

When a confession has been reduced to writing, the writing itself is the best evidence thereof, and parol testimony as to the confession is inadmissible until the absence of the written instrument is satisfactorily accounted for.   Kirby's Dig., § 3145; 2 Bishop, New Crim. Prac., § 1260.

It must be shown that the confession was read to the accused and that he assented to it.   2 Tex. App. 97; 101 Mo. 514; 136 Mo. 644; 137 Ala. 17.   And when offered in evidence it should be read in its entirety and taken together, including all that was said at the time relating to the subject and as a part of the confession, whether favorable to the accused.   3 Enc. of Ev. 348; 42 Ark. 70; 69 Ark. 599.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

There was no error in admitting the evidence of the confession.   *Greenwood* v. *State,* 107 Ark. 568.

McCULLOCH, C. J.   This is an appeal from a judgment of conviction of the crime of murder in the first degree.   Appellant, Boss Gaylord, is accused of murdering one Herbert Williams, who was a rural mail carrier, and the crime was committed on a country road while Williams was on his route collecting and delivering mail. He was riding a bicycle, and he was found desperately wounded lying on the roadside near the bicycle.   He had three distinct wounds on his head which, according to the testimony of experts, were inflicted by a blunt instrument and which caused his death.   One of the blows fractured the skull and proved fatal, though he lived nearly a month.   The surgeon who attended him testified that he appeared to be in a dying condition from the time he first saw him after the wounds had been inflicted.   Ap-

pellant was arrested the next day, and the State adduced at the trial proof of many circumstances which tended to establish his guilt. In addition to that, it was proved by testimony of several witnesses that he made a confession in which he stated that he assaulted Williams and inflicted the blows which caused his death. What purports to be a written confession, signed by appellant and attested by two witnesses, appears in the record.

The first and principal contention of appellant's counsel is that the bill of exceptions does not show that the written confession was read to the jury and that it was improper to admit oral testimony as to its contents.

One of the witnesses testified to an independent confession, and three or four witnesses who were present when the confession made in the jail of Pulaski County was reduced to writing, were introduced, and some of them stated the substance of what appellant said.

We are of the opinion that the record fairly reflects the fact that the written statement, after being identified by the witnesses, was introduced in evidence and read to the jury. It was handed to the witnesses while they were on the stand and they identified it. The filing mark of the clerk appears on the paper, and in the bill of exceptions it immediately follows the testimony of the witnesses who identified it. It is true the instrument is not preceded by an affirmative statement that it was then read to the jury; but it is fairly inferable from the way in which it appears in the record that it was read to the jury. The bill of exceptions recites in the beginning that what follows was the testimony adduced in the case, and it would be a strained construction of the bill of exceptions to say that it fails to show that this paper, about which all the witnesses were asked, was not before the jury.

The witnesses who related what defendant said in his confession stated nothing further than what the writing itself showed, and it is, therefore, unnecessary to decide how far the State had the right to go in introducing proof concerning the confession which had been re-

duced to writing. Inasmuch as we hold that the writing itself was introduced, and that the witnesses stated no more than what it contained, no prejudice could, in any event, have resulted.

Error of the court is assigned in refusing to give an instruction telling the jury that there were "no dying declarations of the deceased to be considered in the case."

The State did not attempt to prove a dying declaration of the deceased and did not rely on that character of proof to sustain the conviction. Therefore, it was unnecessary to say anything about a dying declaration in the instructions.

The court gave correct instructions to the jury upon all the phases of the case, and the record as presented to us is entirely free from error. The testimony is abundantly sufficient to sustain the verdict.

Judgment affirmed.